UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01438-WYD

KAREN BANKS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Attorney Fees under EAJA filed November 24, 2010.  The motion requests fees under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412, in the amount of $7,118.00 for 40.5 hours of time at an hourly rate of $175.75.  Plaintiff attaches documentation to her motion that supports the fees.  A response was filed by the Commissioner on December 8, 2010.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Commissioner opposes Plaintiff's motion on the grounds that its position was substantially justified. Alternatively, the Commissioner asserts that any award of attorney fees should be reduced because the number of hours claimed by Plaintiff's counsel is not reasonable.

In that regard, the Commissioner argues that the fees should be reduced from 40.5 hours to 25 hours.

I first address the Commissioner's argument that its position was substantially justified. "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id.* The term "position" includes the Government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit holds that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565. The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" *Id.* at 566. However, a "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct. . . ." *Id.* at 566 n. 2.

In the case at hand, I find that the Commissioner has met his burden of demonstrating that his position was substantially justified. The Commissioner first argues that even though the Court found the ALJ erred in the RFC analysis and remanded for further fact finding on the issue, the agency's position was substantially

justified because there was medical and non-medical evidence that reasonably supported the ALJ's decision that Plaintiff could perform some sedentary work. I agree. Further, although the ALJ failed to articulate the evidence upon which he relied in formulating his RFC, courts have found that this "'in no way necessitates a finding [that] the Secretary's position was not substantially justified.'" *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006) (quotation omitted). Finally, as to the ALJ's analysis of the medical evidence, while this is a closer call I find for the reasons stated in the Commissioner's response that the ALJ's analysis was not unreasonable, even though I remanded for further consideration.

Accordingly, even though I found multiple errors with the ALJ's decision, I conclude that the Commissioner's position was reasonable in law and fact. I also note that Plaintiff's opening brief did not address in any substantive way why Plaintiff believed the Commissioner's decision was not substantially justified. Further, Plaintiff did not file a reply brief responding to the Commissioner's arguments regarding substantial justification.

Based upon the foregoing, it is

ORDERED that Plaintiff's Opposed Motion for an Award of Reasonable Attorney's Fees filed November 23, 2010, is **DENIED**.

Dated:  May 6, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge